IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY R. MAZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 8120 |
| ) | |
| TOWERS WATSON AMERICA, LLC, ) | |
| ELISSA M. SIROVATKA, and ) | |
| KENNETH LEONARD ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before the court is "Defendant Towers Watson Pennsylvania, Inc.'s Motion to Dismiss, or Alternatively for a More Definite Statement."[1] (Dkt. No. 6 (Def.'s Mot. to Dismiss.)) For the reasons stated herein, the motion is denied as to pro se plaintiff Mary Maze's claim under 42 U.S.C. § 1981 and granted as to all of Maze's age discrimination and Title VII claims except her claims that she was discriminatorily denied raises and subjected to a hostile work environment. Towers Watson's alternative motion for a more definite statement under Fed. R. Civ. P 12(e) is denied.

BACKGROUND

On November 15, 2011, pro se plaintiff Mary R. Maze, who is a former actuarial analyst with Towers Watson, filed this employment discrimination lawsuit against her former employer and two supervisors, Elissa M. Sirovatka, and Kenneth Leonard. (Dkt. No. 1 (Pl.'s Compl.).)

---

[1] Towers Watson is incorrectly identified in the caption of the case as Towers Watson America, LLC.

The complaint alleges claims under the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981. (Id. at ¶ 9.) Specifically, Maze alleges that Defendants discriminated her against her on the basis of age, color, national origin, race, and sex, beginning on January 1, 2009. (*Id.* ¶ ¶ 6, 9).

In her complaint, the facts of which will be accepted as true for the purposes of this motion, Maze contends that in February 2010, she was put on an unreasonable performance improvement plan ("PIP"), then fired when she could not meet it. (*Id.* ¶ 12.) She was refused work because of her age and the fact that she had children, and work was taken from her and given to younger Asian male colleagues. (*Id.*) She was held to different standards than those colleagues, and subjected to harassment and a hostile work environment. (*Id.*)

In an addendum to her complaint, Maze contends that she was given exemplary reviews and promised raises in meetings, but then denied those raises. (*Id.*, Addendum, ¶ 2.) She was denied the same advancement opportunities as her younger Asian male co-workers. (*Id.*, Addendum, ¶ 2.) Projects were taken away from her, and her office manager told her that work was taken away from her because she was too old and had children. (*Id.*) When she told a supervisor of these comments, he did nothing and more work was taken away from her. (*Id.*) Although the addendum does not provide much detail, in her response Maze clarifies that her office manager was Sirovatka, and that on May 5, 2009, they had a meeting in which Sirovatka told her that a project was being assigned to an Asian male colleague because he was younger and had no children. (Dkt. No. 15 (Pl.'s Resp. ¶ 13).) On May 28, 2009, Maze went to the company's Bloomington office and told her supervisor, Leonard, about Sirovatka's comments during the meeting earlier that month. (Pl.'s Resp. ¶ 14.) Leonard told her this was

2

unacceptable and he would discuss it with Sirovatka, but after the meeting even more projects were taken from Maze. (*Id.*)

After she was put on the performance improvement plan, Maze requested that a representative from Human Resources to be present at future meetings. (Pl.'s Compl., Addendum, ¶ 2.) When the representative was not present, Maze was yelled at and reprimanded for her job performance. (*Id.*) She contends the PIP was extended after 90 days for an additional 30 days because, according to her supervisors, there was not enough documentation of her performance. (*Id.*) Although she believed her job performance to be satisfactory, she ultimately was given a letter of separation. (*Id.*)

Attached to Maze's complaint is her EEOC charge of discrimination, which she dated June 17, 2011, and which is file stamped June 22, 2011. (Dkt. No. 1.) In her complaint and her response, however, Maze contends she filed this charge on May 26, 2011. (Pl.'s Compl., 7.1.)

It appears from documents Maze submitted with her response that she may have filed some type of correspondence or an intake questionnaire with the EEOC on May 26, 2011, and later received the charge of discrimination from the EEOC for revisions and her signature. Dkt. No. 15 (Pl.'s Resp.¶ 2, Att. A).) The Seventh Circuit has held that an intake questionnaire that is subsequently verified constitutes a charge in circumstances analogous to those at issue here. *Philbin v. Gen. Elec. Capital Auto Lease, Inc.*, 929 F.3d 321 (7th Cir. 1991). So the court will consider Maze's EEOC charge to have been filed on May 26, 2011, at least for the purposes of this motion.

In the charge, Maze contends that she began her employment with Towers Watson in May 1988, and most recently was an actuarial analyst. During her employment, Maze contended in the EEOC charge, she was subjected to different employment terms than young, non-Caucasian, male colleagues, including the loss of assignments, refusal of the same training opportunities, unwarranted disciplinary action, and a hostile work environment. On Aug. 2, 2010, Maze was discharged. She was 43 at the time of her firing. The EEOC sent Maze a right-to-sue letter mailed on Aug. 17, 2011, informing her that her charge was dismissed because it was not timely filed.

## LEGAL STANDARD

In Illinois, an employee may bring suit under the ADEA or Title VII only if she files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Brown v. Ill. Dep't of Natural Res.,* 499 F.3d 675, 681 n. 5 (7th Cir. 2007)*; Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). Towers Watson contends Maze's complaint must be dismissed for failure to comply with this requirement, and in the alternative seeks a more definite statement of Maze's claims under Fed. R. Civ. P. 12(e).

Towers Watson moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. However, this timing requirement for the filing of an EEOC charge is not jurisdictional, as Towers Watson argues, but rather is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Mattern v. Panduit Corp*., No. 11 C 984, 2011 WL 4889091, at *3 (N.D. Ill. Oct. 11, 2011) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). So the appropriate basis for bringing this motion was Fed. R. Civ. P. 12(b)(6), not 12(b)(1). Regardless, the court may consider a motion to dismiss despite the movant's

4

reliance on the wrong rule, and the court will do so. *Labella Winnetka, Inc. v. General Cas. Ins. Co.*, 259 F.R.D. 143, 149 (N.D. Ill. 2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 941–42 (N.D. Ill. 2011) (quoting *Twombly*, 550 U.S. at 555). The key question is whether the facts, accepted as true, "present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even post-*Twombly* however, the Seventh Circuit has reaffirmed that there is a "minimal pleading standard" for race and sex discrimination. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Although such a complaint must contain more than "a general recitation of the elements of the claim," it need not be detailed or contain evidence. *Id.*

ANALYSIS

As a preliminary matter, the court notes that Towers Watson has improperly submitted an affidavit from Leonard in support of its motion to dismiss. Leonard, along with Sirovatka, supervised Maze. According to that affidavit he, Sirovatka, Maze, and a human resources representative met on June 2, 2010, and it was agreed that Maze would continue to work at Towers Watson for two more months, but would no longer be subject to the PIP. (Dkt. No. 6, Ex. A ("Leonard Affidavit" ¶¶ 13, 14).) That decision was memorialized in a letter dated June 2,

5

2010, that notified Maze that her employment would end on Aug. 2, 2010. (*Id.* ¶ 15.) Towers Watson has attached this correspondence to its motion. (Dkt. No. 6, Ex. A. Att. 2.) The problem with this evidence, of course, is that a court typically cannot look to matters outside the complaint in deciding a motion to dismiss under Rule 12(b)(6). So the court will not consider Leonard's affidavit in this ruling. However, because the separation letter is central to Maze's complaint, and because Maze does not dispute the pertinent facts in her response,[2] the court will consider the fact that Maze was presented with a letter of separation on June 2, 2010. *See St. Aubin v. Unilever HPC NA, No.*, 09 C 1874, 2009 WL 1871679, at *3 (N.D. Ill. June 26, 2009) (noting that matters outside the complaint may be considered in resolving a Rule 12(b)(6) motion if the documents are authentic and central to the plaintiff's claim).

Towers Watson contends that Maze's suit must be dismissed in its entirety for failure to comply with the timing requirement. As Maze correctly argues in her response, there was no requirement that file a charge with the EEOC in order to proceed with her § 1981 claim for racial discrimination. Because there is a four-year statute of limitations for claims brought under § 1981, it was timely. *See Clark v. Kohl's Dept. Stores, Inc.*, No. 09 CV 1305, 2011 WL 3273126, at *2 (S.D. Ind. July 29, 2011). Towers Watson does not address Maze's § 1981 claim, except to argue in its reply "as there is no Section 1981 claim pending before this court and such a claim is completely unrelated to her various Title VII and ADEA claims," her response implicating § 1981 should be disregard. (Dkt. No. 16 (Def.'s Reply ¶ 19.) However, it seems clear to the court that Maze was in fact attempting to bring a § 1981 claim. Maze checked the box on this

---

[2] In her response, Maze says the letter of separation was presented to her on June 2, 2011, but this is clearly a typographical error as to the year, given that in the next paragraph she says her employment was terminated on Aug. 2, 2010. (Pl.'s Resp. ¶¶ 23, 24.)

6

court's form complaint for national origin and race discrimination under § 1981, Pl.'s Compl. ¶ 9, and her complaint includes allegations that suggest reverse discrimination in that Asian colleagues were treated better than she. (*Id.* at 12, Addendum, ¶ 2.) Towers Watson did not move to dismiss under Rule 12(b)(6) on the basis that this claim was not adequately pleaded, so the court will not address that issue. Maze's § 1981 claim may proceed.

The key question as to Maze's ADEA and Title VII claims is whether she filed her EEOC charge within 300 days of the alleged discriminatory actions about which she complains. In discriminatory discharge cases, the Seventh Circuit has held that two elements are necessary to establish the date upon which the unlawful discrimination occurred: (1) a final, non-tentative decision to terminate the employee; and (2) unequivocal notice of this decision to the employee. *Flannery*, 354 F.3d at 637. For Maze's wrongful termination claim, then, the alleged discrimination occurred, and the filing period commenced, when the employment decision was made and communicated to Maze, even though the effective date of her termination was later. *Delaware St. Coll. v. Ricks*, 449 U.S. 250, 258 (1980). Because it is undisputed that the decision was made and communicated to Maze on June 2, 2010, she had 300 days from that date to file her EEOC charge, or until March 29, 2011. Even using the earliest date of filing by Maze's own account, which was May 26, 2011, her charge regarding her termination was not timely filed.

Because the charge was untimely as to her termination, it was likewise untimely as to any discrete events of discrimination preceding it. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that each incident of discrimination or retaliatory employment decision is a separate actionable event for which the claimant must file an EEOC charge during

7

the applicable time period). As such, Maze's complaints regarding the PIP, the reassignment of work, being denied training opportunities, etc., are time-barred.

Neither Towers Watson nor Maze, however, addresses the impact of the "continuing violation doctrine" on Maze's hostile work environment claim. When an employee alleges a continuous hostile work environment, as Maze does here, the employee need only file an EEOC charge within 300 days of the last hostile act. *Cherry v. City of Chi.*, --- F. Supp. 2d ---, 2011 WL 2582202, at *3 (N.D. Ill. June 24, 2011) (citing *Moore v. Vital Prod., Inc.,* 641 F.3d 253, 256–57 (7th Cir. 2011)). Although Maze does not provide dates for when the last incident of harassment occurred, it is certainly a fair reading of her complaint to surmise that it may have continued until her employment ended on Aug. 2, 2010. If that is so, then Maze's EEOC charge alleging a hostile work environment was timely filed.[3] At this stage of the case and in the absence of any argument on this issue, the court will allow Maze's hostile work environment claims under Title VII and the ADEA to go forward.

Maze attempts to save her other Title VII and ADEA claims by arguing that the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e)(3)(A) and 29 U.S.C. § 626 (d)(3), extended the time in which she had to file her EEOC charge for her Title VII and ADEA claims. The Fair Pay Act altered Title VII and the ADEA by providing that the statute of limitations for filing an EEOC charge resets with each paycheck affected by a discriminatory decision. *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1024 (7th Cir. 2011).

---

[3] The court calculates that there were 297 days between Aug. 2, 2010 and May 26, 2011.

Relying on that statute, Maze contends that her EEOC charge was timely because she received her last paycheck on Aug. 18, 2010, so she had until June 11, 2011 to file her EEOC charge in order for it to be timely. (Pl.'s Resp. ¶ 29.)[4] The Fair Pay Act, however, only applies to discriminatory compensation decisions. *Vogeler v. Conserv., FS*, No. 10 C 50258, 2012 WL 357913, at *2 (N.D. Ill. Feb. 1, 2012). More specifically, the Fair Pay Act applies: (1) "when a discriminatory compensation decision or other practice is adopted," (2) "when an individual becomes subject to a discriminatory compensation decision or other practice," and (3) "when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." *Groesch*, 635 F.3d at 1024–25 (quoting 42 U.S.C. § 2000e–5(e)(3)(A)).

The problem for Maze is that other than her hostile work environment claim, her complaint largely centers on discrete actions, such as being fired, placed on the PIP, refused work, and retaliated against for complaining of discrimination. (Pl.'s Compl. ¶ 12.) As explained above, discrete acts are not actionable unless the complainant files an EEOC charge within 300 days of their occurrence. The Fair Pay Act does not apply to extend that deadline for any discriminatory employment decision that might affect pay, such as the reassignment of work, but rather applies to a decision by the employer to provide unequal pay for equal work. *See Almond v. Unified School District No. 501*, 665 F.3d 1174, 1181 (10th Cir. 2011). Although most of Maze's claims are not of this nature, in the addendum to her complaint, Maze contends she "was given exemplary reviews and promised raises in meetings and then denied those raises

---

[4] The court calculates 300 days from Aug. 18, 2010 to be June 14, 2011, but the difference is immaterial.

and bonuses." (Pl.'s Compl., Addendum, ¶ 2.) The denial of a raise could be a compensation decision that invokes the Fair Pay Act. *See Groesch,* 653 F.3d at 1029, *Mikula v. Allegheny*, 583 F.3d 181, 186 (3d Cir. 2009).

As Towers Watson notes in its reply brief, however, Maze's EEOC charge does not refer to a denial of raises, although it does contain an allegation that she received "different terms and conditions of employment versus younger, non-Caucasian, and male employees." A plaintiff may pursue a claim not found in an EEOC complaint only if her allegations fall within the scope of the charges in the EEOC complaint. *Cheek v. Peabody Coal Co.,* 97 F.3d 200, 202 (7th Cir. 1996). In determining whether the current allegations fall within the scope of the earlier charges, the court looks at whether they are "like or reasonably related to" those contained in the EEOC complaint. *Id.* If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it. *Id.*

Because Maze is a pro se plaintiff and has not had the opportunity to address whether her claim as the denial of raises falls within the scope of her EEOC charge, the court is reluctant to dismiss her ADEA and Title VII claims at this juncture on this basis. In sum, then, the court will allow Maze's claims under the ADEA and Title VII that she was subjected to a hostile work environment and denied promised pay raises to go forward. The court dismisses all of Maze's ADEA and Title VII claims based on discrete actions, such as her termination, the denial of certain training and assignments, and her placement on a PIP.

Alternatively, Towers Watson moves for a more definite statement under Fed. R. Civ. P. 12(e), arguing that it is difficult for it to respond to the allegations in Maze's lengthy, single-spaced addendum to her complaint. However, such motions are generally disfavored, see *Moore*

10

*v. Fidelity Fin. Servs., Inc.,* 869 F. Supp. 557, 559–60 (N.D. Ill. 1994), and the court believes that Towers Watson has enough information to respond to the allegations in the addendum. Towers Watson may separate each allegation in the addendum into a separate paragraph, and respond to each.

Finally, the court recognizes that it has not ruled on the motion by Leonard and Sirovatka to join in Towers Watson's motion to dismiss. (Dkt. Nos. 11, 13.) In the motion, Leonard and Sirovatka also assert an additional basis for dismissal, correctly arguing that supervisors cannot be sued as individuals under either the ADEA or Title VII. *See Williams v. Banning*, 72 F.3d 552, 554–55 (7th Cir. 1995), *Washington v. Univ. of Ill. at Chi.*, No. 09 C 5691, 2010 WL 1417000, at *3 (N.D. Ill. April 2, 2010). The court grants the motion to the extent that it dismisses the Title VII and ADEA claims against Leonard and Sirovatka, but court notes that individual supervisors may be named in a §1981 complaint, provided the complaint alleges their personal involvement in the harassment or discrimination. *See Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir.1985).

## CONCLUSION

For the reasons stated herein, Tower Watson's motion to dismiss is denied as to Maze's claim under 42 U.S.C. § 1981 and granted as to all of Maze's age discrimination and Title VII claims except her claims that she was discriminatorily denied raises and subjected to a hostile work environment. Towers Watson's alternative motion for a more definite statement under Fed. R. Civ. P 12(e) is denied. The Clerk is directed to correct the caption of the case to reflect that the corporate defendant's correct name is Towers Watson Pennsylvania, Inc. Defendants are ordered to answer the complaint on or before March 6, 2012. The parties are encouraged to

discuss settlement and pro se plaintiff Maze is encouraged to consider allowing the court to appoint her counsel for the limited purpose of assisting her under the Settlement Assistance Program. The case is set for a report on status on March 13, 2012, at 9:00 AM. Pro se Plaintiff Maze and counsel for Defendants are requested to be present in courtroom 1041 at that time to report on the status of the case.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   Feb. 21, 2012